Reuben D. Nathan, Esq. (SBN 208436)
Nathan & Associates, APC
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663
Phone: (949) 270-2798
Email: *rnathan@nathanlawpractice.com*

Ross Cornell, Esq., APC (SBN 210413)
Email: *rc@rosscornellaw.com*
5042 Wilshire Blvd. 46382
Los Angeles, CA  90036
Phone:  (562) 612-1708

Attorneys for Plaintiff
Jeff Williams and the Proposed Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeff Williams, an individual on behalf of himself and all others similarly situated and the general public,<br><br>                    Plaintiff<br><br>          v.<br><br>Dr. Harold Katz, LLC and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. 20-5188<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><br><u>JURY TRIAL DEMANDED</u> |

1

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, JEFF WILLIAMS, WHO HEREBY ALLEGES THE FOLLOWING:

Jeff Williams ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Dr. Harold Katz, LLC ("Defendant"). The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

1.     Plaintiff files this class action lawsuit on behalf of himself and all similarly situated persons who purchased TheraBreath Products (as defined below) that are branded, manufactured, distributed, marketed and sold by Defendant, Dr. Harold Katz, LLC.

2.     Plaintiff brings this action on behalf of himself and a California and Nationwide proposed class of purchasers of the TheraBreath Products for violations of the California Consumer Legal Remedies Act, the California False Advertising Law, the California Unfair Competition Law, breach of express warranty, breach of the implied warranty of merchantability and for fraud and negligent misrepresentation.

## PARTIES

3.     Plaintiff, Jeff Williams ("Plaintiff "), is a citizen of California, who resides in the County of Sonoma. Plaintiff has purchased one or more of the TheraBreath Products over a period of more than one year and thereby altered his position in an amount equal to the amount he paid for the products. Plaintiff and the Proposed Class would not have purchased or paid a premium for the TheraBreath Products had they known that the product claims disclosed on the labels and in packaging and marketing materials were false, deceptive and misleading.

4.     Defendant, Dr. Harold Katz, LLC, is a California corporation with its headquarters in Los Angeles, California.

5.     The TheraBreath Products that are the subject of this action include *TheraBreath*

2

**CLASS ACTION COMPLAINT**

*Dentist Formulated Fresh Breach Oral Rinse (Mild Mint), TheraBreath Dentist Formulated Fresh Breach Oral Rinse (Invigorating Icy Mint), TheraBreath Dentist Formulated Fresh Breach Oral Rinse (Rainforest Mint), TheraBreath Dentist Formulated Fresh Breach Oral Rinse (Clean Mint), TheraBreath Dentist Formulated Fresh Breach Oral Rinse (Peppermint), TheraBreath Dentist Formulated Healthy Smile Oral Rinse (Sparkle Mint), TheraBreath Plus Maximum Strength Fresh Breath Oral Rinse (Peppermint), TheraBreath for Kids Dentist Formulated Anti Cavity Oral Rinse, TheraBreath Dentist Formulated Fresh Breath Toothpaste (Mild Mint), TheraBreath PerioTherapy Healthy Gums Toothpaste, TheraBreath Dentist Formulated Charcoal Whitening + Fresh Breath Toothpaste, TheraBreath Plus Maximum Strength Fresh Breath Toothpaste (Peppermint), and TheraBreath Plus Power Drops, Lozenges, and Aktivoxigen Serum* (hereinafter the "TheraBreath Products"). The TheraBreath Products are manufactured, packaged, marketed, distributed and sold by the Defendant via wholesale and retail locations in California and throughout the United States.

6.    The Defendant makes false, deceptive and misleading claims regarding benefits and characteristics of the TheraBreath Products. Defendant created and/or authorized the false, misleading, and deceptive advertisements, packaging and labeling for the TheraBreath Products that falsely make the Claims (as defined below).

7.    That the true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to the Plaintiff as alleged herein.

8.    On information and belief, Plaintiff alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant or employee of the other defendants and that during the times and places of the incident in question, Defendants and each of their agents,

**CLASS ACTION COMPLAINT**

servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

9.      On information and belief, Plaintiff alleges that Defendants carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

10.     On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. Defendants' officers, directors, and high-level employees caused the TheraBreath Products to be sold with knowledge or reckless disregard that the statements and representations concerning the TheraBreath Products were false and misleading.

11.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from Defendants.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

13.     Plaintiff is a citizen of California and this Court has personal jurisdiction over Defendants because Defendants conduct business in the Northern District of California and otherwise intentionally avail themselves of the markets in the Northern District of California so as to render the exercise of jurisdiction by this Court proper. Defendants have marketed, promoted, distributed, and sold the Products throughout California and in this District, which is

**CLASS ACTION COMPLAINT**

where Plaintiff purchased Defendant's products.  Furthermore, Defendant is registered to conduct business in California and is a California Limited Liability Company.

14.     Pursuant to 28 U.S.C. §1391(b), this Court is the proper venue since the Defendants are subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

15.     Defendant sells high-end oral care products under the trade name "TheraBreath."

16.     Plaintiff and other similarly situated consumers in California and throughout the United States have purchased one or more of the TheraBreath Products and, in doing so, have paid a price premium because they believed they were purchasing high-end oral care products that would provide certain oral hygiene benefits beyond those found among other oral care products.  Plaintiff and the proposed classes paid the price premiums for the TheraBreath Products because of the Claims (as defined below) which have been prominently set forth on product packaging and in advertising and marketing materials.

17.     Examples of the false claims made by the Defendant regarding the TheraBreath Products include: "When used as directed, it is clinically proven to give you fresh breath for up to twenty-four hours"; "Clinically Tested to Work for 24 Hours"; "Fights Bad Breath for 24 Hours"; "Freshens Breath for 24 Hours";  "Fights Cavities for 24 Hours"; "Fights Gingivitis for 24 Hours; "Daily brushing, rinsing, and tongue cleaning with our PLUS basics will alleviate and help prevent even the most chronic bad breath"; "There is nothing else available on the market today that can give you the same level of protection against bad breath as TheraBreath PLUS"; "…stops bad breath instantly"; "…significantly reduce bleeding gums, gingivitis, plaque, tartar and of course, bad breath"; "…make inflamed and bloody looking gums look and feel their healthiest again"; "24-Hour Fresh Breath Oral Rinse"; "TheraBreath 24-Hour PLUS Oral Rinse"; "…remineralizes your teeth"; "Safe for Kids"; "Dr. Katz' patented oxygenating compound"; "…patented Oxyd-8 breath freshening technology";…manufactured in the USA at

## CLASS ACTION COMPLAINT

an FDA supervised laboratory"; "…powerful antibacterial oral rinse"; "Safe for Diabetics"; "Destroys Bad Breath Bacteria"; "Conditions Gums and Oral Tissue"; "…will alleviate even the worst case of bad breath"; and "…TheraBreath Oral Care Probiotics can help you prevent many of these [oral care] problems before they start" (hereinafter collectively referred to as the "Claims").

18.     The Claims made by the Defendant regarding the TheraBreath Products are false, misleading and deceptive.  There is no scientific basis for the Claims and the TheraBreath Products do not provide the benefits described in the Claims.  The TheraBreath Products cost more than other similar products that do not have misleading packing and labeling setting forth false claims.  If the Defendant was enjoined from making the false Claims, the market demand and price for the TheraBreath Products would be reduced insofar as the market prices have been artificially inflated as a result of the false Claims.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

19.     In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to *California Business & Professions Code § 17200, et seq.*  The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting natural claims and the disgorgement of all profits and/or restoration of monies wrongfully obtained through the Defendant's pattern of unfair and deceptive business practices as alleged herein.  This private attorneys general action is necessary and appropriate because Defendant has engaged in wrongful acts described herein as part of the regular practice of its business.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

21.     Plaintiff seeks to represent the following Class and Sub-Class (hereinafter collectively the "Classes"):

6

## CLASS ACTION COMPLAINT

> All persons residing in the United States who purchased the TheraBreath Products for personal use and not for resale during the time period July 28, 2016, through the present (the "Class")

> All persons residing in the State of California who purchased the TheraBreath Products for personal use and not for resale during the time period July 28, 2016, 2014, through the present (the "Sub-Class").

22.     The Classes comprise many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a class action will benefit the parties and the Court. The Classes are sufficiently numerous because on information and belief, thousands to hundreds of thousands of units of the TheraBreath Products have been sold in the United States and State of California during the time period July 28, 2016, through the present (the "Class Period").

23.     There is a well-defined community of interest in this litigation and the Classes are easily ascertainable:

a.  <u>Numerosity</u>:  The members of the Classes are so numerous that any form of joinder of all members would be unfeasible and impractical.  On information and belief, Plaintiff believes the size of the Classes exceed thousands of members.

b.  <u>Typicality</u>:  Plaintiff is qualified to and will fairly and adequately protects the interests of each member of the Classes with whom she has a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the Classes.

c.  <u>Adequacy</u>:  Plaintiff does not have a conflict with the Classes and is qualified to and will fairly and adequately protect the interests of each member of the Classes with whom she has a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that she has an obligation to the Court to make known any relationship, conflict, or difference with any putative class member. Plaintiff's attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

7

**CLASS ACTION COMPLAINT**

d. <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

24.     There exist common questions of law and fact that predominate over questions that may affect individual class members. Common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b. Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

c. Whether Defendant made false and misleading representations in the advertising and/or packaging of the TheraBreath Products;

d. Whether Defendant knew or should have known that the Claims were false;

e. Whether Defendant represented that the TheraBreath Products have characteristics, benefits, uses, or quantities which they do not have;

f. Whether Defendant's representations regarding the TheraBreath Products are false;

g. Whether Defendant warranted the benefits and effectiveness of the TheraBreath Products by virtue of the Claims;

h. Whether the Defendant breached warranties regarding the TheraBreath Products;

i. Whether the Defendant committed statutory and common law fraud; and

j. Whether Defendant's conduct as alleged herein constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.

**CLASS ACTION COMPLAINT**

25.    Plaintiff's claims are typical of the claims of the Classes, and Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

26.    Plaintiff and the Classes have suffered injury in fact and have lost money as a result of Defendants' false representations.  Indeed, Plaintiff purchased the TheraBreath Products under the belief that they provided the benefits set forth in the Claims.  Plaintiff relied on Defendants' packaging, labeling, marketing and website and would not have purchased the TheraBreath Products or paid a premium for them if he had known that they did not have the characteristics, uses, and/or benefits as represented vis-à-vis the Claims.

27.    The Defendants' misrepresentations regarding the Claims were material insofar as consumers are inclined to pay a price premium for oral hygiene products that provide the benefits set forth in the Claims.  The Defendant is aware of consumer preference for higher-quality and more effective oral hygiene products and therefore have implemented a strategic false advertising and marketing campaign intended to deceive consumers into thinking that the TheraBreath Products are premium products insofar as they supposedly provide the benefits described in the Claims (which they do not).

28.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for class members to prosecute their claims individually.

29.    The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

30.    Defendant has acted on grounds generally applicable to the Classes as a whole, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Classes as a whole. The prosecution of separate actions by individual class

**CLASS ACTION COMPLAINT**

members would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendant.

31.     Absent a class action, Defendant is likely to retain the benefits of its wrongdoing. Because of the small size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

32.     Excluded from the class are the Defendants in this action, any entity in which Defendants have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendants.

33.     Were it not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

34.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

**FIRST CAUSE OF ACTION**
Violations of California Civil Code § 1750, *et seq.*
By Plaintiff and the Proposed Sub-Class against Defendant
(Injunctive Relief Only with Reservation)

35.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

36.     Plaintiff and the Sub-Class are "consumers" as defined by Cal. Civ. Code § 1761(d) and the TheraBreath Products are each a "good" as defined by Cal. Civ. Code § 1761(a).

**CLASS ACTION COMPLAINT**

37.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." The Defendant has violated § 1770(a)(5) insofar as the Claims constitute characteristics, ingredients and/or benefits that the TheraBreath Products do not have.

38.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a) (7), expressly prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." The Defendant has violated § 1770(a)(7) insofar as the TheraBreath Products are represented as providing the benefits represented in the Claims, which constitutes a particular quality or grade, when in truth they do not and cannot provide those benefits.

39.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell them as advertised." The Defendant has violated § 1770(a)(9) insofar as the TheraBreath Products have been advertised with the Claims, but are not advertised or sold in a manner consistent with the Claims.  Because the Defendant knows that the TheraBreath Products do not provide the benefits represented in the Claims, the Defendants intended not to the sell the Products as advertised, in violation of the CLRA.

40.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(16), expressly prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."  The Defendant has violated § 1770(a)(16) insofar as the Defendant has represented that the Plaintiff and Sub-Class have been supplied with TheraBreath Products that provide the benefits of the Claims when they have not.

41.    Plaintiff and the proposed Sub-Class of California class members suffered injuries caused by Defendant because they would not have purchased the TheraBreath Products if the true facts were known concerning the Defendant's false and misleading Claims.

**CLASS ACTION COMPLAINT**

42.    On or about July 28, 2020, a notice letter was served on Defendant advising the Defendant that they are in violation of the CLRA and demanding remedies for Plaintiff and class members in accordance with Cal. Civ. Code 1782(a).

43.    Plaintiff seeks injunctive relief only for this violation of the CLRA, but reserves his right to amend this complaint to include allegations for the recovery of damages under the CLRA.  In compliance with Cal. Civ. Code 1782(d), Plaintiff has executed the affidavit of venue attached hereto as <u>Exhibit A</u> and filed concurrently herewith.

### SECOND CAUSE OF ACTION
Violations of California Business & Professions Code §§17500, *et seq.*
By Plaintiff and the Proposed Sub-Class against Defendant

44.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.    Pursuant to Cal. Bus. & Prof. Code §§ 17500, *et seq.*, it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

46.    Defendant committed acts of false advertising, as defined by §17500, by making the Claims regarding the TheraBreath Products because those claims are false and misleading.

47.    Because the TheraBreath Products do not and cannot provide the benefits set forth in the Claims, Defendant knew or should have known through the exercise of reasonable care that the Claims regarding the TheraBreath Products were false, untrue and misleading to Plaintiff and class members.

48.    Defendant's actions in violation of § 17500 were false and misleading such that the Plaintiff, the Proposed Sub-Class, and the general public are and were likely to be deceived.

**CLASS ACTION COMPLAINT**

49.    Plaintiff and the Proposed Sub-Class lost money or property as a result of Defendant's false advertising violations, because they would not have purchased or paid a premium for the TheraBreath Products if they had not been deceived by the false Claims.

50.    Plaintiff and the Proposed Sub-Class paid a premium for the TheraBreath Products due to their reliance on the Claims and on the Defendant's good faith and reputation.

### THIRD CAUSE OF ACTION
For Breach of Express Warranty
Violations of Cal. Com. Code § 2313(1)
By Plaintiff and the Proposed Sub-Class against the Defendant

51.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52.    Defendant made representations, promises and/or affirmations of fact constituting express warranties regarding the Claims, which formed a basis of the bargain on which the Plaintiff and the Proposed Sub-Class relied in purchasing the TheraBreath Products.

53.    The Defendant breached the express warranties by selling the TheraBreath Products in contravention of the express warranties insofar as the TheraBreath Products cannot and do not fulfill on the benefits represented in the Claims.

54.    Defendant's breach of the express warranties were the actual and proximate cause of damage to the Plaintiff and the Proposed Sub-Class including, *inter alia*, the loss of the purchase prices and/or the payment of a price premium in connection with their purchase of the TheraBreath Products.

55.    Plaintiff provided written notice of breach to the Defendant, who failed to adequately respond or remedy the breach.

56.    Accordingly, Plaintiff and the Proposed Sub-Class seek actual damages arising from the Defendant's breach of express warranty.

**CLASS ACTION COMPLAINT**

**FOURTH CAUSE OF ACTION**
For Breach of the Implied Warranty of Merchantability
Violations of Cal. Com. Code § 2314
By Plaintiff and the Proposed Sub-Class against the Defendant

57.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

58.     Defendant made representations in the form of marketing and product labeling setting forth the Claims.  The Defendant is a merchant that sold the TheraBreath Products to Plaintiff and the Proposed Sub-Class, which carried with it an implied warranty that the TheraBreath Products were merchantable.

59.     The Defendant breached the implied warranty in that the Claims regarding the TheraBreath Products were false.

60.     As an actual and proximate result of the Defendan's breach of implied warranty, Plaintiff and the Proposed Sub-Class did not receive the TheraBreath Products in a manner that conformed to the promises and affirmations made on the labels and in the marketing thereof, in violation of Cal. Com. Code § 2314(2)(f).

61.     Plaintiff provided written notice of breach to the Defendant, who failed to adequately respond or remedy the breach.

62.     Accordingly, Plaintiff and the Proposed Sub-Class seek actual damages arising from the Defendant's breach of implied warranty.

**FIFTH CAUSE OF ACTION**
For Fraud
By Plaintiff and Proposed Class against Defendant

63.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64.     Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendant.

14

**CLASS ACTION COMPLAINT**

65.    As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information in connection with the Claims and failed to disclose material facts about the TheraBreath Products.

66.    Defendant misrepresented the nature, quality, characteristics and benefits of the TheraBreath Products by making the false Claims.

67.    The Defendant's misrepresentations and omissions were made with knowledge of the falsehood thereof or in conscious disregard of the likelihood of their falsehood.

68.    The misrepresentations and/or omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Proposed Class members to purchase the TheraBreath Products.

69.    The fraudulent actions of Defendant caused damage to Plaintiff and the Proposed Class members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

## SIXTH CAUSE OF ACTION
For Negligent Misrepresentation
By Plaintiff and Proposed Class against Defendant

70.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

71.    Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendant.

72.    Defendant misrepresented the nature, quality, characteristics and benefits of the TheraBreath Products.  Defendant had a duty to disclose this information.

73.    At the time Defendant made the false Claims and representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

74.    Defendant negligently misrepresented and omitted material facts about the TheraBreath Products, in that they do not and cannot provide the benefits represented in the

15

**CLASS ACTION COMPLAINT**

Claims. Plaintiff and the Proposed Class relied upon the negligent statements or omissions and were deceived and induced into purchasing the TheraBreath Products.

75.    The negligent misrepresentations and/or omissions made by Defendant, upon which Plaintiff and the Proposed Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Proposed Class members to purchase the TheraBreath Products.

76.    Plaintiff and Class members would not have purchased the TheraBreath Products and/or would not have paid a price premium therefore, if the true facts had been known to them regarding the falsity of the Claims.

77.    The negligent actions of Defendant caused damage to Plaintiff and the Proposed Class members, who are entitled to damages and other legal and equitable relief as a result.

## **SEVENTH CAUSE OF ACTION**
For Violation Cal. Bus. & Prof. Code § 17200, *et seq*.
By Plaintiff and Proposed Sub-Class against Defendant

78.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

79.    Plaintiff brings this claim individually and on behalf of the proposed Sub-Class against Defendant.

80.    Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

81.    Defendant knows and has known that the Claims are false, deceptive and misleading regarding the TheraBreath Products.

82.    The foregoing acts and omissions by the Defendant constitute unfair, fraudulent business acts or practices and false advertising.

**CLASS ACTION COMPLAINT**

83.     As alleged hereinabove, the false, deceptive and misleading Claims by the Defendant are and were likely to deceive the Plaintiff, the Proposed Sub-Class, reasonable consumers and members of the general public and are therefore "fraudulent" within the meaning of the UCL.

84.     The foregoing violations of the Consumer Legal Remedies Act, the False Advertising Law and the California Commercial Code constitute "unlawful" business practices within the meaning of the UCL.

85.     Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  The harm is substantial given the fact consumers are misled as to the nature of the TheraBreath Products and Claims and Plaintiff and the Proposed Sub-Class have thereby been deceived and misled into unfairly paying premium prices.

86.     Defendant has specific knowledge that its natural claims are false and misleading, but continued to market the Products with the intent of making substantial profits based on the unfair, fraudulent, deceptive practices alleged herein.

87.     The Defendant's conduct is also unfair given the huge profits derived from the sale of the TheraBreath Products at the expense of consumers as a result of the false and misleading Claims.

88.     Defendant violated the "fraudulent" prong of the UCL by making false statements, untruths, and misrepresentations about the TheraBreath Products vis-à-vis the Claims which are/were likely to deceive the Plaintiff, the Proposed Sub-Class, reasonable consumers and the general public.

89.     Plaintiff, the Class, and the Sub-Class lost money or property as a result of Defendant's UCL violations because they would not have purchased the TheraBreath Products, would not have purchased the amount of TheraBreath Products they purchased, and/or would

17

**CLASS ACTION COMPLAINT**

not have paid the premium price they paid for the TheraBreath Products if the true facts were known concerning the false and misleading Claims.

90. Defendant's business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this state. Further, any justification for Defendant's wrongful conduct is outweighed by the adverse effects of such conduct.

91. Plaintiff and the Sub-Class members could not reasonably avoid the harm caused by Defendant's wrongful practices. Assuming, arguendo, that Defendant's practices are/were not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be tethered to the public policies expressed therein. Thus, Defendants= engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

92. Plaintiff, the Class, and the Sub-Class are entitled to restitution and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the nationwide Class and the Sub-Class under Rule 23 of the Federal Rules of Civil Procedure;

b. For an order certifying Plaintiff as the representative of the Class and Sub-Class and Plaintiff's attorneys as Class Counsel to represent members of the Class and Sub-Class;

c. For an order declaring the Defendant's conduct violates the statutes and laws referenced herein;

d. For an order to correct, destroy, and change all false and misleading labeling and website terms relating to the Claims;

e. For an order finding in favor of Plaintiff, the Class and the Sub-Class on all counts asserted herein;

**CLASS ACTION COMPLAINT**

f. For compensatory and punitive damages in amounts to be determined;

g. For prejudgment interest on all amounts awarded;

h. For an order of restitution, disgorgement of profits, and all other forms of equitable monetary relief;

i. For injunctive relief as pleaded or as the Court may deem proper; and

j. For an order awarding Plaintiff, the Class, and the Sub-Class their reasonable attorneys' fees and expenses and costs of suit.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: July 28, 2020                    **LAW OFFICES OF ROSS CORNELL, APC**


By:      /s/ *Ross Cornell*
Ross Cornell, Esq.
Attorneys for Plaintiff,
JEFF WILLIAMS and the Proposed Classes

19

**CLASS ACTION COMPLAINT**

EXHIBIT A

# **California CLRA Declaration**

I, JEFF WILLIAMS, hereby declare that:

1.      I am over the age of eighteen, I have personal knowledge of the facts stated in this declaration, and if called upon to do so I could and would competently testify in conformity herewith.

2.      I am the named Plaintiff in this case and have asserted a Consumer Legal Remedies Act claim herein.

3.      I purchased one or more of the TheraBreath Products identified in paragraph 5 of the Complaint in Sonoma County, California.

4.      I am a resident of Sonoma County, California.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on ____7/28/2020_____ in Sonoma County, California.

DocuSigned by:

_____
240B022972AF421...
JEFF WILLIAMS